Trinidad Sanchez AGUIRRE; Juan Valentin Estrada Sanchez; Victor Hugo Estrada Sanchez; Gustavo Estrada Sanchez; Jose Guadalupe Estrada Sanchez, Petitioners,

v.

Eric H. HOLDER Jr., Attorney
General, Respondent.

No. 07–72464.

United States Court of Appeals,
Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted July 29, 2009.*

Aug. 6, 2009.

Trinidad Sanchez Aguirre, Palmdale, CA, pro se.

Juan Valentin Estrada Sanchez, Palmdale, CA, pro se.

Victor Hugo Estrada Sanchez, Palmdale, CA, pro se.

Gustavo Estrada Sanchez, Palmdale, CA, pro se.

Jose Guadalupe Estrada Sanchez, Palmdale, CA, pro se.

Anh–Thu P. Mai–Windle, Senior Litigation Counsel, OIL, Jeffery R. Leist, Stacy Stiffel Paddack, DOJ–U.S. Department of Justice, Washington, DC, CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: WALLACE, LEAVY, and HAWKINS, Circuit Judges.

## MEMORANDUM **

Trinidad Sanchez Aguirre, Juan Valentin Estrada Sanchez, Victor Hugo Estrada Sanchez, Gustavo Estrada Sanchez, and Jose Guadalupe Estrada Sanchez, natives and citizens of Mexico, petition pro se for review of the Board of Immigration Appeals' ("BIA") order denying their motion to reopen. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reopen, *Iturribarria v. INS*, 321 F.3d 889, 894 (9th Cir.2003), and review de novo claims of due process violations in immigration proceedings, *Sanchez–Cruz v. INS*, 255 F.3d 775, 779 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

The evidence petitioners presented with their motion to reopen concerned the same basic hardship grounds previously considered by the agency. *See Fernandez v. Gonzales*, 439 F.3d 592, 602–03 (9th Cir. 2006). We therefore lack jurisdiction to review the BIA's determination that the evidence did not warrant reopening. *See id.* at 601.

To the extent petitioners contend that the BIA failed to consider the evidence they submitted with their motion to reopen, they have not overcome the presumption that the BIA did review the record. *See Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir.2006). Petitioners' contention that the agency's decision violated due process therefore fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error for a due process violation).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.